. No. 11,729. ·

### Dr. James Rigney vs. Dr. George N. Monette.

Damages will not be awarded for an arrest on a charge of libel based on a newspaper publication embracing the substance of an answer of a defendant in a lawsuit conveying a serious charge against the plaintiff in the suit, the publication appearing a day previous to the filing of the answer, and the arrest caused by the plaintiff making the affidavit under the evident impression that the defendant prompted the publication of this answer, the arrest subjecting the defendant only to the inconvenience of appearing for examination, followed by his prompt discharge.

For the breach of a contract of sale of a physician's practice, damages for the amount the purchaser claims he would have made from professional practice given up, relying on the contract, do not arise from the breach complained of, and are not within the measure of damages fixed by the law in such cases. Civil Code, Arts. 1930, 1934. Pothier on Obligations, Vol. 1, p. 161; 13 La. 410.

A PPEAL from the Civil District Court for the Parish of Orleans. *Theard, J.*

*W. S. Parkerson* for Plaintiff and Appellee.

*Merrick & Merrick*, for Defendant and Appellant, cite Bernholdt vs. Souillard, 36 An. 103; Decaux vs. Lieux, 33 An. 369.

---

The opinion of the court was delivered by

Miller, J. The plaintiff claims damages for the breach of a contract of sale of defendant's practice as a physician. The answer, the general issue, is accompanied with an averment that plaintiff had collected, retained and concealed the collection of fees earned by defendant before the sale. About the time this answer was filed there was a newspaper publication under the heading of the Rigney case, which conveyed the idea, expressed in the answer, of the collection and retention by plaintiff of defendant's fees. Thereupon the plaintiff caused defendant's arrest on the charge of libel. The plaintiff failed to prosecute, defendant was discharged by the Re-

corder and the sequel of the newspaper article was the reconventional demand by defendant for damages charged to have been sustained by the charge and his arrest for libel. This reconventional demand was stricken out by the lower court and on a previous appeal was directed to be reinstated by this court.

On the second trial the judgment of the lower court, based on the verdict of a jury, was in favor of plaintiff for one thousand dollars, and against defendant on his reconventional demand. The defendant appeals.

The testimony as to the sale of defendant's practice is derived from his letter of August, 1890, stating the number of his prescriptions, the amount of his collections, expressing his purpose to attend to other business and offering to sell his practice to plaintiff for five hundred dollars, followed by plaintiff's payment of that amount.

The testimony shows that at plaintiff's request, defendant remained for some time in his office, occupied with him by plaintiff, and for some time there was no disagreement, and defendant testifies he did what he could to secure plaintiff the practice. At the end of the year, defendant removed, taking down his sign as he had agreed upon. The plaintiff learned that defendant had sent his professional card, marked with the number and street of his new residence, to one or two persons, and it is in evidence that he gave one or two prescriptions to persons calling on him, and made professional calls in four instances. This elicited complaints from plaintiff of violation of the contract. There is in the record, defendant's letter, replying to the complaints, in which defendant admits prescribing for a person calling on him, suggests that plaintiff take the case, and states he will not practice. The defendant testifies that he sent out his card to those who owed him, that they might know where to find him, and the prescriptions and visits after his sale were, as he testifies, for old patients not willing to employ plaintiff. It does not appear that defendant invited practice; it is in proof he threw away his sign on taking it down, and put up none at the place to which he removed. He further testifies his health unfitted him for business, and he intended leaving the city. The cards sent out by defendant, and the instances of the prescriptions given, and visits paid by defendant, after the sale of his practice, in our opinion, hardly furnish the basis to claim he violated his contract. The impression made on our minds is, that this suit for damages for a violated con-

tract would not, in all probability, have been brought, but for other causes.  In the plaintiff's testimony there is allusion in forcible language to sources of friction between the parties not connected with violations of the contract.  The transfer of patients from their physician to another, not chosen by them, is, it is to be presumed, not easy, and we infer that in all aspects the practice which plaintiff supposed he bought proved disappointing.  The plaintiff submits no other causes of complaint, in respect to the alleged violations of contract, except those we have indicated, and we have indicated our appreciation of the testimony on that issue.  But if the violation be accepted, there remains the question of damages.  In case of the breach of contract for the sale of an established business and its good will, damages may be given, on proof of the diversion of the business from the purchaser; or the basis for damages might be furnished by proof of acts or conduct on the part of the vendor causing loss of the business to the purchaser, entitled to all the income and to the aid of the vendor in securing that income.  The record contains no such proof.  We can not affirm the judgment on the appreciation that the cards sent out by defendant, or his prescription to one or two old patients, caused a pecuniary loss to plaintiff.  It is claimed, however, the plaintiff lost his practice in the country on the faith of the purchase of defendant's practice in New Orleans, and that as plaintiff violated the contract by interfering with the business after he sold it, therefore plaintiff is entitled to recover an amount equal to his lost country practice.  The loss recoverable on breaches of contract are those directly connected with it, and arising from the breach.  The law does not contemplate indemnity for profits the party supposes he would have derived from some business he claims he would have pursued if he had not made the contract alleged to have been violated.  The measure of damages in such cases announced by our Code utterly excludes such supposed profits, and finds, we think, copious illustration in our jurisprudence.  The losses within the measure of damages applicable to this case, would be the amount of professional fees diverted from the plaintiff by defendant's violation of his contract to sell his practice.  Damage of that character would be connected with and arise out of acts of defendant violating his agreement.  The supposed loss of the country practice of plaintiff resulted from the fact that he made the purchase requiring his presence here, and does not,

in any sense, grow out of defendant's wrongful acts. Thus in a case from our own reports: an attorney complained of a breach of an agreement under which he was to cultivate a plantation in partnership with another. He proved no damage directly resulting from the contract, but claimed he was entitled to recover for the loss of his law practice abandoned for the planting partnership. The court rejected that measure of damages. The court observed: "The plaintiff's removal from the city and consequent loss of his practice was not the result of the breach of his contract; he would have equally lost his practice, whether the contract had been fulfilled or not," and the court cites the familiar rule that damages recoverable for breach of contracts are those incidental to the breach of it. We are constrained to hold that the record affords no basis for the damages. Civil Code, Arts. 1930, 1934; 1 Pothier on Obligations, Evans' Ed., 161; Williams vs. Barton, 13 La. 410.

On the reconventional demand the defendant's arrest was for the publication of the substance of his own answer to plaintiff's suit; that is, the defendant averred in his answer to plaintiff's suit, that plaintiff had collected and retained his, defendant's, fees. The defendant's answer thus made a very serious charge against plaintiff. That answer appeared in the newspaper the day before the answer was filed. The plaintiff attributed the publication to defendant. Hence, his arrest on the charge of libel. The defendant, in his testimony, disclaims any responsibility for the publication, but the publicati.n one day of the answer filed the day after afforded, in our opinion, a reasonable basis for plaintiff's conclusion. The arrest was followed by a prompt discharge. We think the damages were pr perly refused.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, in so far as it dismisses defendant's demand in reconvention, and reversed and annulled, in so far as it is favor of plaintiff, and it is further ordered, adjudged and decreed that plaintiff's demand be dismissed, and that he pay costs.